## A. D. KEILS V. THE STATE.

No. 16493. Delivered March 7, 1934.
Reported in 69 S. W. (2d) 416.

The opinion states the case.

*A. B. Geppert, W. V. Geppert,* and *Ellen Victery,* all of Teague, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is drifting cattle into quarantined territory; the punishment, a fine of five dollars.

A live stock sanitary inspector of Freestone County testified, in substance, as follows: One of the dipping vats in his charge

was situated approximately a mile and a half from the line between Leon and Freestone Counties. On the 7th of July, 1932, he saw at this vat a steer branded "Half Circle A" and marked "under slope" in each ear. This was the brand used by appellant. The regular range of appellant's cattle was in Leon County. He did not know how the steer "came to be at the vat in Freestone County." Edgar Conaway, a witness for the state, testified that he saw the steer in question at the dipping vat on the 7th of July, 1932. He testified further that appellant's vat was located in Leon County. J. S. Ivy testified that appellant's vat was situated in Leon County about a mile from the line of Freestone and Leon Counties. He testfied further that he did not know who owned the steer with the brand "Half Circle A" on it.

H. C. Gore, a witness for appellant, testified that appellant's vat was about three miles from Brice Cunningham's home and that the steer in question was driven by Brice Cunningham with his (Cunningham's) cattle to the dipping vat in Freestone County on July 7, 1932. He testified that he saw the steer with Cunningham's cattle. Again, his testimony was to the effect that cattle frequently drifted over the county line from Leon County to Freestone County and vice versa. He testified, further, that it was impossible to prevent cattle from going from one territory to another where the range was open, as it was in the vicinity of the county line. Brice Cunningham, testifying for appellant, corroborated the witness Gore as to driving the steer with his cattle to the dipping vat. He testified that the steer had taken up with his cattle and that as he was driving his own cattle to the vat for the purpose of dipping he took the steer along. Appellant did not tell him to drive the steer to the dipping vat in Freestone County, and, as far as he knew, appellant did not know that the steer was with his cattle.

Under the charge in the complaint, it was incumbent upon the state to prove beyond a reasonable doubt that appellant permitted and allowed the steer to drift from Leon County into Freestone County. The state introduced no testimony as to any act or omission on the part of appellant indicating that he had anything to do with the drifting of said steer into Freestone County. The evidence was undisputed that said animal had taken up with the cattle of Mr. Cunningham, and that, without any suggestion upon the part of appellant, he (Cunningham) had driven the animal to the dipping vat with his own cattle. In the state of the record, we are unable to reach the conclusion that the evidence is sufficient to support the conviction. The state's attorney before this court confesses error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.